**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted November 16, 2012
Decided December 13, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID HAMILTON, *Circuit Judge*

JOAN LEFKOW, *District Judge*[*]

No. 10-3002

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United States District Court |
| *Plaintiff-Appellee,* | ]  for the Central District of Illinois |
| | ] |
| *v.* | ] No. 09 CR 20025 |
| | ] |
| MICHAEL L. CAMPBELL, | ] Michael P. McCuskey, |
| *Defendant-Appellant.* | ] *Judge.* |

## O R D E R

Michael L. Campbell was convicted in May 2010 of two counts of distribution of crack cocaine - - Count 1 involving the distribution of five or more grams of crack cocaine on April 3, 2008, and Count 2 encompassing the distribution of 50 or more grams of crack

---

[*] The Honorable Joan Humphrey Lefkow, District Judge for the Northern District of Illinois, is sitting by designation.

cocaine on August 25, 2008. Under the statute of conviction, Campbell faced a statutory minimum sentence of 10 years' imprisonment on Count 1, and a statutory minimum of 20 years on Count 2. Seventeen days before he was sentenced, the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), was signed into law.

The district court rejected Campbell's contention that his sentence should be calculated pursuant to the FSA, which reduced the penalties for offenses involving crack cocaine and which took effect prior to his sentencing. The FSA, if applied to Campbell's convictions, would have lowered the mandatory minimum sentence applicable to Count 2, and have eliminated any mandatory minimum sentence on Count 1. The district court imposed the statutory minimum on both counts, to be served concurrently. Campbell appealed his sentence, but we affirmed the sentence in *United States v. Campbell*, 659 F.3d 607 (7th Cir. 2011), in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applied only prospectively to conduct occurring after the statute's enactment.

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Campbell's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *Campbell v. United States*, 133 S. Ct. 190 (2012).

Campbell on remand now argues that we should reconsider our decision as to his conviction as well as his sentence, because the certiorari petition challenged both and was granted, thus remanding the case in its entirety. The Supreme Court remanded the case for reconsideration in light of *Dorsey*, which impacts only the sentencing issue. Nothing in that remand calls into doubt our decision as to his Sixth Amendment challenge to the conviction, and we stand by our decision in *Campbell*, 659 F.3d 607, as to the Sixth Amendment issue.

As to the sentencing issue, the parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey*, the district court committed procedural error at Campbell's sentencing with respect his sentence and that the error was not harmless. We agree, and we therefore **VACATE** Campbell's sentence and **REMAND** for resentencing.